UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| NANCY QUON, ) | Case No.: 2:11-cv-00967-GMN-PAL |
| ) | |
| Plaintiff, ) | **ORDER** |
| vs. ) | |
| ) | |
| STATE FARM FIRE AND CASUALTY ) | |
| COMPANY, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Before the Court is Plaintiff Nancy Quon's Motion to Remand (ECF No. 9). Defendant State Farm Fire and Casualty Company filed a Response on June 29, 2011 (ECF No. 14) and Plaintiff filed a Reply on July 11, 2011 (ECF No. 19).

For the following reasons the Court GRANTS Plaintiff's Motion to Remand (ECF No. 9).

## **FACTS AND BACKGROUND**

Plaintiff filed her Complaint in the Eighth Judicial District Court for the State of Nevada on June 2, 2011. Defendant removed this case to the United States District Court on June 13, 2011. (ECF No. 1). Defendant claimed diversity of citizenship as the basis for its removal. (*Id.*) Defendant later filed an Amended Petition for Removal claiming a federal question as an additional basis for subject matter jurisdiction. (ECF No. 13).

Plaintiff's Complaint seeks declaratory relief asking the Court to determine if Defendant is entitled to unlimited examinations under oath (EUOs) and if so whether Defendant is required to provide information to its insured why such additional EUOs are appropriate. Plaintiff's entire prayer for relief only requests a declaratory judgment finding that (1) Plaintiff has fulfilled her obligation under the contract to submit to an EUO, (2) Plaintiff has no further obligation to submit to any additional EUOs and (3) Plaintiff is entitled to Defendant's

investigative materials and evidence supporting Defendant's reservation of rights.

## **DISCUSSION**

**A.     Legal Standard**

A party may make a motion to remand "on the basis of any defect other than lack of subject matter jurisdiction ... within 30 days after the filing of the notice of removal under section 1446(a)." However, Section 1447 states: "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).  There is no discretion with the Court to hear matters over which the Court has no jurisdiction.

District courts have original jurisdiction over civil actions where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).  Further, federal district courts have original jurisdiction founded on claims or rights that arise under the Constitution, treaties or laws of the United States. 28 U.S.C. § 1331.  A civil action brought in state court may be removed by the defendants to a federal district court if the district courts have original jurisdiction over the matter. 28 U.S.C. § 1441(a).  The party seeking removal bears the burden of showing that removal is proper. *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir.1988). Additionally, there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir.1992).

**B.     Analysis**

   **1.     Diversity of Citizenship**

Defendant removed this suit claiming Plaintiff is a Nevada citizen, Defendant is an Illinois citizen and the amount of the fire insurance policy covering Plaintiff's home exceeds $75,000.00.  Defendant argues that Plaintiff's claims for declaratory relief are with respect to whether she has satisfied her obligations under the insurance policy.  The proceeds of the insurance policy to which Plaintiff may be entitled exceeds $300,000.00.  Thus, Defendant

argues that the amount in controversy is satisfied.

Plaintiff argues that her complaint does not request any monetary amount and as such the amount in controversy is not facially apparent.  Plaintiff is not seeking declaratory relief that she is entitled to the proceeds under the policy nor is she making any claims against the proceeds under the policy.  Plaintiff is only seeking to determine if she has fulfilled her obligations under the policy.

Defendant argues that Plaintiff's admission that the instant action was necessary to "facilitate an effective resolution of her claim under the policy" demonstrates that the object of this litigation is the insurance policy which has a limit of $300,000.  In a declaratory judgment action regarding an insurance contract, "the amount in controversy is determined by assessing the value of the underlying legal claims for which insurance coverage is sought." *State Farm Fire & Casualty Company v. Corry,* 324 F.Supp. 2d 666,670 (E.D.Pa. 2004) (citations omitted).  *See also Travelers Ins. Co. v. Young*, 18 F.Supp. 450 (D.NJ. 1937)(the test of jurisdiction is the maximum amount for which the insurer may be liable under the policy); *New Century Casualty Co. v. Chase*,  39 F. Supp. 768, 771 (S.D.W.V. 1941)("The amount in controversy in proceedings for declaratory judgment, where an automobile liability insurance policy is involved, the general rule, is the maximum amount per which the company could be held liable under the terms of the policy.").  However, the cases cited by the Defendant are distinguishable from the facts of this case.  In the other cases, there already existed an underlying suit filed against the insurance policy.  In this case, Plaintiff has not filed a suit against State Farm for any proceeds from the policy.

As it appears there are no Ninth Circuit cases that support Defendant's arguments, Defendant only cites to other jurisdictions for its arguments.  However, they are either factually

/ / /

/ / /

distinguishable or are not consistent with Ninth Circuit precedent.[1]

In the Ninth Circuit "[i]n actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002). The amount must be established by "the value of the particular and limited thing sought to be accomplished by the action." *Ridder Bros., Inc. v. Blethen*, 142 F.2d 395, 399 (9th Cir.1944); *see also Hunt v. Washington State Apple Advertising Comm'n,* 432 U.S. 333, 347, 97 S.Ct. 2434, 2443 (1977). In this case the particular thing to be sought is a determination of whether or not submitting to another EUO is reasonable. Plaintiff is not asking the Court for a determination of whether or not she is entitled to the proceeds of the insurance policy. Thus, the Court finds that the insurance policy limit of $300,000.00 is not the measure of the controversy in this case and therefore the amount in controversy requirement is not satisfied.

## 2. Federal Question

Defendant next argues that that the Court has jurisdiction under 28 U.S.C. § 1331 as there is an issue "arising under the Constitution, laws or treaties of the United States." Without requesting leave to amend, Defendant amended its Petition for Removal to include a claim that this Court has federal question subject matter jurisdiction over Plaintiff because she is choosing to invoke her Fifth Amendment right by avoiding another EUO. Plaintiff does allege in both her Complaint and the TRO that she has a Fifth Amendment right not to participate in any further examinations under oath. Thus, Defendant argues that determining whether or not Plaintiff must submit to further EUOs necessarily hinges on the Court's "construction of the Constitution." *Starin v. New York*, 115 U.S. 248, 257 (1885).

The presence or absence of federal-question jurisdiction is generally governed by the

---

[1] Likewise, Defendant argues that since Plaintiff has sought injunctive relief, that amount in controversy is the policy limits. For similar reasons given here, the Court is not persuaded by Defendant's arguments.

"well-pleaded complaint rule," which provides that "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392 (1987). This rule makes the plaintiff the master of his complaint and permits him to avoid federal jurisdiction by relying exclusively on state law. *Id*. Thus, federal question jurisdiction is ordinarily determined from the face of the plaintiff's complaint. *Easton v. Crossland Mortg. Corp.,* 114 F.3d 979, 982 (9th Cir. 1997).

The "artful pleading doctrine" provides a narrow corollary to the well-pleaded complaint rule. Under this doctrine, a plaintiff may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim. *Lippitt v. Raymond James Financial Services, Inc.,* 340 F.3d 1033, 1041 (9th Cir. 2003). The artful pleading doctrine permits courts to "delve beyond the face of the state court complaint" and find federal question jurisdiction by recharacterizing a state-law claim as a federal claim. *Id.* The Ninth Circuit has cautioned, however, that courts should invoke the artful pleading doctrine "only in limited circumstances." *Id.* (quoting *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1373 (9th Cir. 1987)). Accordingly, application of the artful pleading doctrine is normally limited to two types of cases: (1) those involving complete preemption; and (2) cases in which "a substantial, disputed question of federal law is a necessary element of…the well-pleaded state claim," or where the right to relief depends upon resolution of a substantial, disputed federal question. *Lippitt,* 340 F.3d at 1042-43.

Plaintiff's well-pleaded complaint does not establish federal question jurisdiction. At one point in the complaint, Plaintiff alleges that she requested a delay of the EUO until after the criminal investigation of Plaintiff was concluded, such that she would not need to choose between her Fifth Amendment rights and coverage under the policy. Under the two causes of action, Plaintiff does not ask the Court to determine whether or not she must submit to an EUO in violation of her Fifth Amendment rights. Plaintiff instead asks for a determination of the

"reasonableness" of submitting to another EUO and to declare that she has already fulfilled her obligations under the policy by submitting to an EUO.  Thus, under the well-pleaded complaint rule, Plaintiff has not invoked federal question jurisdiction.

Likewise, the artful pleading doctrine does not bring this into the realm of federal question jurisdiction.  Plaintiff has not sought to avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of her claim. Plaintiff's unequivocal right to invoke the Fifth Amendment against self-incrimination is not in issue and will not determine whether the circumstances surrounding the request for a second EUO is reasonable.  At best, the invocation of the Fifth Amendment as a reason to delay the EUO is a corollary issue to be looked at with the remaining facts contributing to the actual issue: the reasonableness of the request for a second EUO.

### 3. Judicial Estoppel

Finally, Defendant argues that Plaintiff is judicially estopped from making the argument that her claims are for less than $300,000.  Judicial Estoppel applies when: (1) the same party has taken two positions; (2) the positions were taken in judicial or quasi-judicial administrative proceedings; (3) the party was successful in asserting the first position ... ; (4) the two positions are totally inconsistent; and (5) the first position was not taken as a result of ignorance, fraud, or mistake. *S. Cal. Edison v. First Judicial Dist. Court*, 127 Nev. Adv. Rep. 22 at 18 (2011) citing *NOLM, LLC v. County of Clark*, 120 Nev. 736, 743, 100 P.3d 658,663 (2004)(additional citations omitted).

In her Motion for TRO, Plaintiff claimed the TRO was necessary to protect "her rights to the proceeds of her insurance policy." The claimed proceeds of the policy exceed $300,000. The Motion and oral argument before the state court judge qualify as judicial proceedings. Plaintiff was successful in arguing this position since the TRO was issued and stated "Defendant is unreasonably forcing Plaintiff to submit to an additional Examination Under

Oath ... thereby forcing Plaintiff to choose between her Fifth Amendment right and her insurance benefits."

Defendant argues that since Plaintiff took the position at the TRO hearing that the TRO was necessary to protect her rights to the insurance proceeds, it is totally inconsistent with her Motion for Remand. However, the Court does not find that it is inconsistent. Plaintiff's objective in this litigation is a determination of the reasonableness of the EUO. The determination of the reasonableness of the second additional EUO in turn has repercussions to both parties, including whether or not it will be necessary for the Plaintiff to choose to invoke the Fifth Amendment or if submitting to the first EUO satisfied Plaintiff's duty under the policy. Further, regardless of the result of the determination. Plaintiff's right to the proceeds under the policy will not be established. Whether Plaintiff has fulfilled all her duties under the policy or not will not establish whether she has a right to the proceeds. Accordingly, Plaintiff is not judicially estopped from making the argument that her claims are for less than $300,000.

## CONCLUSION

The party seeking removal bears the burden of showing that removal is proper and there is a strong presumption against removal jurisdiction. Defendant has failed in its burden of showing that there is either a federal question or diversity of citizenship with an amount in controversy of more than $75,000 which would give this court jurisdiction.

**IT IS HERBY ORDERED** that Plaintiff Nancy Quon's Motion to Remand (ECF No. 9) is **GRANTED**.

DATED this 14th day of July, 2011.

_____
Gloria M. Navarro
United States District Judge